Syllabus.

## Staunton.

SOUTH & WESTERN RAILWAY CO. v. COMMONWEALTH.

September 14, 1905.

1. APPEAL AND ERROR—*Points not made in Trial Court—Jurisdiction of Trial Court.*—Generally a question not made in the trial court cannot be raised in the appellate court, but this rule has no application where the question involves the jurisdiction of the trial court of the subject matter of litigation. Consent cannot give jurisdiction of the subject matter of litigation, and the lack of such jurisdiction may be taken notice of by the appellate court of its own motion.

2. QUO WARRANTO—*Railroads—Forfeiture of Charter—Who May Be Relator*—A writ of *quo warranto* does not lie at the relation of a private person to determine whether or not a railroad company has forfeited its charter for failure to construct a certain part of its road within the time prescribed by its charter. The State alone can institute such a proceeding. While the language of the statutes applicable to *quo warranto* is broad enough to cover such a case, the case is otherwise specially provided for by Code (1904), Sec. 1313a, Cl. 58, which is to be treated as an exception to the general provisions.

3. STATUTES—*Code of 1887—Discrepancies—Construction.*—The Code (1887) is one act, and is to be construed as a whole, and apparent discrepancies and disagreements are to be so interpreted as that all, if possible, may stand together.

4. STATUTES—*Special Followed by General—Construction—Repeals.*—Where there are two statutes, the earlier special and the latter general, but containing terms broad enough to cover the subject matter of the special, the presumption is that the special is to be considered as remaining an exception to the general, and the general will not repeal the special unless its provisions are manifestly inconsistent with those of the special. This is particularly so where the general and special provisions are parts of the same act or code of laws.

Error to a judgment of the Corporation Court of the city of Bristol in a proceeding by *quo warranto* in the name of the Commonwealth at the relation of C. B. Flanary and others against South & Western Railway Company.    Judgment for the plaintiff.    Defendant assigns error.

*Reversed.*

The opinion states the case.

*Archer A. Phlegar, J. Norment Powell* and *R. T. Irvine,* for the plaintiff in error.

*D. D. Hull, Jr., W. S. Cox, Hoge & Bailey, Bailey & Byars, Bullitt & Kelly* and *Frank W. Christian,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Bristol in a *quo warranto* proceeding, by which it was determined that the plaintiff in error had forfeited all its rights, privileges, and franchises as a corporation in this State, because it had failed to construct and have in operation thirty miles of its road in this State within the time required by its charter.

The first assignment of error to be considered, and the only one that can be considered if it is sustained, is that the trial court had no authority to issue the writ of *quo warranto* upon the petition of private persons.    This question was not raised in the court below, and it is insisted by the relators that it cannot be made in this court for the first time.

The general rule is that a question not made in the trial cannot be raised in the appellate court.    This rule, however, is subject to exceptions, one of which is, that a question which goes to the jurisdiction of the court may not only be raised for the first time in the appellate court, but where it appears that the trial court did not have jurisdiction the appellate court may of its own motion take notice of that fact.

As was said by President Tucker in *Jones & Ford v. Anderson,* 7 Leigh 308, 314, "It must always be *ex officio* the duty of a court to disclaim a jurisdiction which it is not entitled to exercise. To do otherwise would be to usurp a power not conferred by law."

To hold that the question of the jurisdiction of the trial court could not be made in the appellate court for the first time would be in effect to hold that consent could give jurisdiction, and might result in the affirmance of a judgment which the trial court had no authority to enter. See *Phillips v. Com'th,* 19 Gratt. 485; *Ryan* v. *Com'th.* 80 Va. 385; *Saunders* v. *Grigg,* 81 Va. 506; *McAllister* v. *Guggenheimer,* 91 Va. 317, 320, 21 S. E. 475; *Boston Blower Co.* v. *Carmen Lumber Co.,* 94 Va. 94, 100, 26 S. E. 390.

The ground upon which it is claimed that the trial court did not have jurisdiction is that the general law which authorizes a writ of *quo warranto* to be awarded against corporations generally (other than municipal corporations,) upon the petition of private persons, does not apply to a railroad or other internal improvement company for failure to complete its works within the time prescribed by its charter, because such a case is provided for by a special statute in which the State alone is authorized to institute a *quo warranto* proceeding. It is conceded that the provisions of the general law are sufficiently broad to embrace a railroad corporation, but the contention is that where the special provision is in conflict with the general law the special provision to the extent of such conflict will govern.

That special provision is as follows: "If the works of any internal improvement company be not commenced and be completed within the time prescribed by law, or by its charter, or if after such works be completed, the company abandon them, or for three successive years cease to use and fail to keep them in good repair, in each of these cases the State may proceed against such company by writ of *quo warranto,* and if, in any such proceeding, there is a judgment against the company, the commis-

sion shall forthwith take possession of its works and property and sell the same (except the debts owing to the company,) and convey the works and property so sold to the purchaser thereof as soon as the purchase money has been paid; the deed of conveyance to be executed by the chairman of the commission under its seal. The commission shall, moreover, collect, as far as practicable, the debts aforesaid, and apply the proceeds thereof and of the said sale, after deducting the costs and expenses of the collection and sale, to the discharge of the liabilities of the company, and whatever remains after said liabilities are discharged, pay into the treasury of the State. Upon such conveyance to the said purchaser, he shall forthwith be a corporation by any name which may be set forth in such conveyance, or any writing signed by him and admitted to record in the county or corporation wherein the conveyance shall be admitted to record; and to the corporation thus created all the provisions of section 1234 of the Code shall apply except that the franchises, rights, and privileges to which such corporation shall succeed, and the duties which it shall perform, shall be such as would have been had or performed by the first company but for the judgment aforesaid in the proceeding by writ of *quo warranto*, or information in the nature of a writ of *quo warranto*, save only as in said section provided." Va. Code, 1904, sec. 1313a, cl. 58.

The general stautes, which it is claimed contain provisions in conflict with that special provision, are as follows:

Va. Code, 1904, sec. 3022. *In what cases writ of quo warranto awarded.* A writ of *quo warranto* may be awarded and prosecuted in the name of the State of Virginia, in any of the following cases, to-wit:

First, against a corporation (other than a municipal corporation) for a misuse or non-use of its corporate privileges and franchises, or for the exercise of a privilege or franchise not conferred upon it by law, or where a charter of incorporation has been obtained by it from a court for a fraudulent purpose, or for a purpose not authorized by law;

Second, against a person for the misuse or a nonuse of any privilege and franchise conferred upon him by or in pursuance of law;

Third, against any person or persons acting as a corporation (other than a municipal corporation) without authority of law; and

Fourth, against any person who shall intrude into or usurp any public office. But no such writ shall be awarded or prosecuted against any person now in office for any cause which would have been available in support of a proceeding to contest the election of such person to such office."

"Sec. 3023. *When, where, how, and by whom the writ to be applied* for. Whenever the attorney-general or attorney for the Commonwealth of any county or corporation, the Circuit or Corporation Court whereof has jurisdiction of the proceeding, is satisfied that a cause for the writ exists, he may, at his own instance, or at the relation of any person interested, apply by petition to the said Circuit or Corporation Court, or to the judge thereof in vacation, to have such writ issued, and shall state the reasons therefor in the petition. If the Attorney-General, or the attorney for the Commonwealth, upon being requested as aforesaid, refuse or fail to apply for the writ, the person so interested may present his petition to such court or judge asking for the same."

"Sec. 3024. *When awarded; where returnable; how signed and attested; when bond required.* If, in the opinion of the court or judge, the reasons so stated in the petition are sufficient in law, the said writ shall be awarded by the court or judge, returnable to the next term of the court, and the same shall be signed by the judge and attested by the clerk of such court. But if the writ be awarded at the relation of any person, it shall not be issued until the relator shall have given bond with sufficient surety (if such bond be required by the court or judge), to be approved by the clerk, in such penalty as the

court or judge shall prescribe, with condition that the relator shall pay all such costs and expenses as may be incurred by the State in the prosecution of the writ, in case the same shall not be recovered from and paid by the defendant therein."

Sec. 1105e, cl. 30.   "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall, nevertheless, be continued for such length of time as may be necessary from such dissolution or expiration for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which said corporation shall have been established."

A comparison of these statutes will show that section 3022 is a general provision broad enough to embrace all corporations (other than municipal corporations), while clause 58, sec. 1313a is a special provision applicable only to internal improvement companies; that by section 3023 a *quo warranto* proceeding may be instituted in the name of the Commonwealth against a corporation, for a nonuse or misuse of its corporate franchises, not only by the Attorney-General or the attorney for the Commonwealth for the proper county, but also by private persons under certain conditions, while by clause 58, sec. 1313a, the State alone is authorized to institute a *quo warranto* proceeding against an internal improvement company for its failure to commence and to complete its works within the time prescribed by its charter; and that clause 30 of sec. 1105e, construed in the light of clause 1 of that section, provides that all corporations, whether they expire by their own limitation or are otherwise dissolved (and one of the methods of dissolving a corporation is by a forfeiture of its franchise by a judicial proceeding), shall nevertheless be continued for such length of time as may be necessary from such dissolution or expiration for the purpose of prosecuting and defending suits by or against them, to enable them gradually to settle and close their business,

to dispose of and convey their property and to divide their capital, but not to continue the business for which they were incorporated; while by clause 58, sec. 1313a, if there be a judgment in a *quo warranto* proceeding against an internal improvement company, the State Corporation Commission is required forthwith to take possession of the works and property of such company, sell the same (except debts due to it), convey its works and property to the purchaser as soon as the purchase money has been paid, collect its debts and apply the proceeds thereof and of the sale of its works and property, after deducting costs and expenses of such collection and sale, to the discharge of the liabilities of the company, and pay the residue into the treasury of the State, and, upon a conveyance of the works and property so sold, the purchaser is created a corporation, and the new corporation thus created succeeds to all the franchises, rights, and privileges, and is required to perform all the duties that would have been had or should have been performed by the old company, except as provided by section 1234 of the Code of 1887 (clause 13 sec. 1294b, Code of 1904).

These general and special provisions are in apparent conflict. The parties authorized to institute the proceedings are different. Under the special provisions it can only be done by the State, while under the general provisions it may, under certain circumstances, be instituted by private persons. The consequences which flow from a judicial forfeiture of a corporation's franchises under the general and special provisions are wholly different. In the one case the corporation for some purposes continues to exist, it settles and closes its business, sells and conveys its property, collects its debts and divides its capital. In the other the corporation ceases to exist for any purpose. An agency of the State government winds up its affairs, and the proceeds of its works, property and the debts due it, after the payment of the costs and expenses attending their sale and collection, and the payment of the company's lia-

bilities, are paid into the treasury of the State, and the purchaser of its works and property is created a new corporation, clothed with the powers and burdened with the duties of the old corporation.

The history of the general and special provisions, so far as is material to the question now under consideration, is as follows: Sections 3022, 3023, and 3024, became the law by the Code of 1887, and they have not been amended or changed by subsequent legislation. Clause 30 of section 1105e, so far as its provisions affect this case, is substantially the same as section 1103 of the Code of 1887. Clause 58 of section 1313a, is the same as section 1239 of the Code of 1887, except that the latter provision conferred and imposed upon the Board of Public Works the powers and duties which clause 58 confers and imposes upon the State Corporation Commission.

The Code of 1887 is one act. Sec. 1, Code, 1887. It is a settled rule of construction that all statutes *in pari materia* should be read and construed together as if they formed parts of the same statute and were enacted at the same time, and where there is a discrepancy or disagreement between them such interpretation should be given as that all if possible may stand together. *Dillard* v. *Thornton,* 29 Gratt. 392, 396. In that case it is said that the rule applies with peculiar force in the construction of a Code to the several parts thereof which relate to the same subject matter, were conceived by the same minds, prepared by the same hands, and adopted at the same time by the same legislative body. *Easley* v. *Barksdale,* 75 Va. 281; *Bank* v. *Holland,* 99 Va. 495, 505, 39 S. E. 126, 86 Am. St. Rep. 898, 55 L. R. A. 155.

Another rule of construction is that where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special—the fact that one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, and that the general will

not be considered as repealing the special unless the provisions of the general are manifestly inconsistent with those of the special.    Sedgwick on Constr. of Stat., &c., p. 97 and note; Sutherland on Constr. Stat. ss. 152, 153; 26 Am. & Eng. Ency. of L. (2 Ed.), 739-40; *Com'th.* v. *R. & P. R. R. Co.,* 81 Va. 355, 367-8.    And *a fortiori* this must be the true rule where the general and special provisions are parts of the same act, or Code of laws.

These rules of construction were followed in the case of *Dillard* v. *Thornton, supra,* where two sections of the Code of 1849, were in apparent conflict.    "These sections of the Code," said the court in that case, "in the points of apparent disagreement, are now substantially as they came from the hands of the revisors, and the only way to give effect to section 6 of chapter 166, is to construe it as in the nature of a proviso to section 45 of chapter 167.    The latter section gives the general rule, the former the limitation, or exception."

The only way to give effect to clause 58 of section 1313a is to construe it as a limitation upon, or an exception to, the general provisions contained in sections 3022, 3023, 3024, and clause 30 of section 1105e, as was done in *Dillard* v. *Thornton.* Under this construction, which we deem the correct one, it follows that the Corporation Court did not have jurisdiction to award the writ of *quo warranto* against the plaintiff in error upon the petition of private persons, as were the relators.

Its judgment must, therefore, be reversed, and the petition of the relators be dismissed.

*Reversed.*