Statement.

---

## Wytheville.

### EUREKA CLUB *v.* COMMONWEALTH.

June 21, 1906.

Absent, Keith, P.

1. INTOXICATING LIQUORS—*Social Clubs—Revocation of License—Procedure—Repeals by Implication.*—The provisions of section 4 of the act of February 23, 1898 (Acts 1897-'98, p. 479), prescribing how the charters of social clubs may be revoked for violation of the revenue laws of the State, relating to the sale of intoxicating liquors, is not repealed by section 144 of the general revenue law (Acts 1902-'03-'04, pp. 155 to 228), nor by section 51 of the general law concerning corporations (Acts 1902-'03-'04, pp. 437-484). The latter acts do not expressly repeal the former, and there is no necessary conflict between them. Repeals by implication are not favored. The special remains an exception to the general law, and social clubs may be proceeded against as formerly for violation of their charter privileges.

2. INTOXICATING LIQUORS—*Social Clubs—Revocation of License—Notice—Return.*—While social clubs are entitled to ten days' notice of a motion to revoke their charters, the notice is not required to be returned to court or to the clerk's office before the date of hearing the motion.

Error to a judgment of the Corporation Court of the city of Roanoke, on a motion to revoke a license to the defendant. Judgment for the Commonwealth. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. D. Smith* and *Scott & Staples,* for the plaintiff in error.

*Robert Catlett, Assistant Attorney-General,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The plaintiff in error is a corporation chartered under the laws of Virginia as a social club, with its home and place of meeting in the city of Roanoke. The foundation of this proceeding is a complaint, in the nature of a petition, filed by the Commonwealth's attorney for Roanoke city, asking the Corporation Court of that city to revoke and declare void the charter of the Eureka Club for the reason that it was not being conducted as a *bona fide* social club, but for the purpose of violating and evading the laws of this State regulating and licensing the sale of liquors.

On the 18th of December, 1903, the court entered its final order holding as follows: "And the court having heard all the evidence introduced is of opinion, from said evidence, that said Eureka Club is being and has been conducted for the purpose of violating the laws of the State regulating the licensing and sale of liquors. It is therefore ordered that the chartered rights and franchises of the said Eureka Club shall cease and the same are hereby declared void." From this decision the Eureka Club obtained a writ of error to this court.

The sufficiency of the evidence to sustain the court's action is not questioned; indeed, the evidence has not been brought to this court. The contention of the plaintiff in error is that the Corporation Court had no power to revoke its charter, it being insisted that the act under which this proceeding was instituted had been repealed.

The charter in question was revoked in pursuance of the provisions of an act of the General Assembly, approved February 23, 1898. As shown by the title, this act deals alone with corporations chartered and organized as social clubs. It inaugurated a new legislative policy with respect to such institutions, imposing a tax upon such clubs for the support of the government prescribing the mode of paying such tax and the penalty for its non-payment. It defines the privileges of such clubs, and prescribes in what cases their charters may be revoked. The fourth clause of the act is as follows: "Upon complaint of any person that any such corporation so chartered as a social club is being conducted, or has been conducted, for the purpose of violating or evading the laws of this State regulating the licensing and sale of liquors, and after service of such complaint on such corporation at least ten days before the hearing of said complaint, the court of the county or corporation wherein is located its place of business or meeting shall inquire into the truth of said complaint; and if the said court, or judge, in vacation, shall adjudge that the said corporation is being conducted or has been conducted for the purpose of violating or evading the laws of the State regulating the licensing and sale of liquors, the chartered rights and franchises of said corporation shall cease and be void without any further proceeding; and the said corporation and all persons concerned in the violation or evasion of said law shall be subject to the penalties prescribed therein; and in case of an appeal from said judgment the said corporation shall not, during the pendency of such appeal, sell or give away any wines, ardent spirits, malt liquors or any mixture thereof, alcoholic bitters, or bitters containing alcohol, or fruits preserved in ardent spirits, under a penalty equal to that provided in the first section of this act." Acts 1897-'98, p. 479.

The proposition sought to be maintained by the plaintiff in error is that this clause of the act of February, 1898, was repealed, first by the revenue act approved April 16, 1903, entitled "An act to raise revenue for support of the government," &c. (Acts 1902-'03-'04, pp. 155 to 228) ; and, second, by an act which became a law may 21, 1903, entitled "An act concerning corporations." Acts 1902-'03-'04, pp. 437-484.

There is no express repeal of the act of February, 1898, or any section thereof, by either of the subsequent enactments mentioned, and we are of opinion that a comparison of these acts will show that no repeal of the first-named statute, or any part thereof, was contemplated by the Legislature, or can be implied from the language of the subsequent legislation relied on. The act of February, 1898, was the first imposition by the Legislature of a license tax upon social clubs as vendors of ardent spirits, and the only changes made by the revenue law of April, 1903, relate to the tax on social clubs and certain regulations for their conduct. There is no necessary conflict between the two acts. The last clause of section 144 of the revenue law provides as follows: "The wilful or negligent failure on the part of any such corporation to comply with any of the above provisions shall work a forfeiture of its charter."

Counsel for plaintiff in error contend that this clause repeals the procedure given by section 4 of the act of 1898, without substituting any specific remedy other than that given by section 51 of the general law of May, 1903, concerning corporations, which is as follows: "Any corporation which shall wilfully fail to use any of its essential functions for the period of two years, or which shall wilfully and habitually misuse any essential corporate function, shall thereby forfeit its charter, and proceedings to declare the same forfeited may be had on the motion of the attorney general in the name of the Commonwealth in any circuit court of this State having jurisdiction

over the county or city in which the principal office in this State of such corporation is located. An appeal to the Supreme Court of Appeals may be had from the findings of such court at the instance of either party, and the method of applying for and prosecuting the same, in so far as not fixed by law, shall be prescribed by the rules of the Supreme Court of Appeals."

We are of opinion that neither the last clause of section 144 of the revenue law nor section 51 of the general law concerning corporations was intended to repeal the provisions of section 4 of the act of 1898, which deals alone with social clubs and imposes a forfeiture of charter for violation and evasion of the laws with respect to the sale of liquors. It was manifestly the purpose of the General Assembly, by the act of February 23, 1898, to provide a summary remedy and penalty for the violation of the revenue laws of the Commonwealth therein defined, and not to require the officers of the law to resort to the more tedious and expensive proceeding by the attorney general prescribed for revoking the charters of corporations generally. When such a corporation as the plaintiff in error engages in a business on which the State imposes a license under certain conditions and penalties, and especially for the sale of liquor, such impositions, penalties and forfeitures are not in conflict with the general law regulating all other corporations which do not enjoy or attempt to exercise such privileges.

Repeal of a statute by implication is not favored by the courts. It is held to be a reasonable presumption that the Legislature did not intend to effect so important a measure as the repeal of a law without expressing an intention to do so. Such an interpretation, therefore, is not to be adopted unless it be inevitable. Any reasonable construction which offers an escape from it is more likely to be in consonance with the real intention. Sedgwick on Constr. of Stat., sec. 210, p. 97, and note; Suther-

land on Stat. Constr., secs. 152-3; Dwarris on Statutes, p. 113n, and p. 154; *Com'th* v. *R. & P. R. Co.,* 81 Va. 355; *S. & W. Ry. Co.* v. *Com'th,* 104 Va. 314, 51 S. E. 824.

In the case last cited the rule of construction particularly applicable to the case under consideration is thus stated: "Another rule of construction is that where there are two statutes, the earlier special and the later general, the terms of the general broad enough to include the matter provided for in the special, the fact that one is special and the other general creates a presumption that the special is to be construed as remaining an exception to the general, and that the general will not be considered as repealing the special, unless the provisions of the general are manifestly inconsistent with those of the special."

In the light of these authorities it is clear that the act of February, 1898, has not been repealed by the subsequent legislation here invoked. The Corporation Court of the city of Roanoke had, therefore, full authority to entertain this proceeding and to enter the order complained of.

It is made ground of exception that the complaint filed by the Commonwealth's attorney was not returned to the Corporation Court, or the clerk's office thereof, prior to the date upon which the judgment thereon was rendered.

The fourth section of the act of February 23, 1898, provides that "after service of such complaint on such corporation at least ten days before the hearing of said complaint, the court . . . . shall inquire into the truth of said complaint," etc. The complaint in this case was served ten days before the hearing. The statute does not require the complaint to be filed in the court or in the clerk's office, but merely provides for service of the said complaint on the delinquent party ten days prior to the hearing.

For these reasons, the judgment must be affirmed.

*Affirmed.*