# Wytheville.

## MALCOLM NEXSEN, ET ALS, v. BOARD OF SUPERVISORS OF ELIZABETH CITY COUNTY, ET ALS.

### June 11, 1925.

#### Argued before Judge Chichester took his seat.

1. MUNICIPAL CORPORATIONS—*Annexation—Petition of Fifty-one Per Cent of the Qualified Voters.*—It is manifest from section 2956 of the Code of 1919 that fifty-one per cent of the qualified voters of "outlying territory adjacent to a town or city" may invoke the statute and have the petition decided upon its merits.

2. MUNICIPAL CORPORATIONS—*Towns—Town a part of County.*—In Virginia an incorporated town continues to be an integral part of the county, subject to the jurisdiction of the county authorities and to taxation for general county purposes.

3. MUNICIPAL CORPORATIONS—*Annexation—"Outlying Territory"—Incorporated Town—Section 2956 of the Code of 1919.*—There is nothing in section 2956 of the Code of 1919 distinguishing the kind of territory which may be annexed, the designation being "outlying territory." To limit the meaning of the outlying territory to outlying unincorporated territory, which is not included within the boundaries of a town, can only be done by conceiving and supplying to the section a limitation which cannot be found in the language used.

4. MUNICIPAL CORPORATIONS—*Annexation—Construction of Section 2956 of the Code of 1919.*—The general intent of the General Assembly in enacting section 2956 of the Code of 1919 was to provide a practicable method of enlarging the limits of towns and cities, and that general purpose should not be defeated by too strict a construction.

5. MUNICIPAL CORPORATIONS—*Annexation—Construction of Section 2956 of the Code of 1919—Town Annexed by City.*—From sections 2958 and 2962 of the Code of 1919, both of which were a part of the original act containing section 2956, it appears that it was contemplated that a town might be annexed to a city under the provisions of the act, so that there is a clear legislative interpretation of section 2956 to that effect.

6. MUNICIPAL CORPORATIONS—*Annexation—Petition of Fifty-One Per Cent of the Qualified Voters—City Including a Town—Section 2956 of the*

*Code of 1919.*—In the instant case, a proceeding under sections 2956 and 2957 of the Code of 1919, brought by fifty-one per cent of the qualified voters in territory adjacent to the city of Newport News, seeking its annexation to that city, the territory involved embraced an incorporated town, which adjoined the city, together with some other territory adjacent to the town but not directly adjacent to the city. The trial court, being of the opinion that section 2956 of the Code of 1919 did not apply to the annexation of an incorporated town to a city, but only to the outlying territory adjacent to a town or city, dismissed the petition and the proceeding.

*Held:* That section 2956 of the Code of 1919 conferred upon the court the jurisdiction which the petition invoked, and that the case should have been heard and decided upon its merits.

7. MUNICIPAL CORPORATIONS—*Annexation—Annexation of Town by City—Repeal of Section 2956 of the Code of 1919—Case at Bar.*—In the instant case it was argued that even if section 2956 of the Code of 1919 could be construed to apply to the annexation of an incorporated town by a city, the effect of the annexation would be the annulment of the charter of the town, and that this is regulated and controlled by other statutes (Acts 1918, page 560, Code of 1924, section 2885-b; amended, Acts 1920, page 118; Acts 1922, page 366), and that these subsequent acts by implication partly repeal section 2956 because inconsistent therewith. But there is no difficulty in reconciling these several statutes. The later statutes refer altogether to the annulment of certain court charters of towns, as distinguished from cities. The result of the annulment of such a town charter is that the territory involved reverts to the county in which the town is located; whereas the result of such a procedure as this is, if the prayer of the petition be granted, that instead of reverting to the county, the territory becomes annexed to the city. There is no inconsistency between the two statutes. They refer to different methods of procedure for the accomplishment of different results.

8. STATUTES—*Repeal—Repeal by Implication.*—Repeals by implication are nor favored, and to hold that a statute is repealed by implication it must appear that the later is inconsistent with the prior statute.

9. MUNICIPAL CORPORATIONS—*Annexation—Petition of Fifty-one Per Cent of the Qualified Voters—Service of Certified Copy of Ordinance with Notice—Case at Bar.*—Annexation proceedings were initiated by fifty-one per cent of the qualified voters in the territory sought to be annexed. No ordinance had been adopted by the city at the time the fifty-one per cent of the qualified voters filed their petition. An ordinance was passed before the case was heard.

*Held:* Where the initiative is by the city or town, the ordinance must precede the filing of the petition, but where the initiative is taken by fifty-one per cent of the voters in the territory involved,

no ordinance need be pased before the filing of the petition, and consequently no certified copy of the ordinance need be served with the notice.

Error to a judgment of the Circuit Court of Elizabeth City county, dismissing a petition in a proceeding for the annexation of territory to a city under sections 2956 and 2957 of the Code of 1919.

*Reversed.*

The opinion states the case.

*S. R. Buxton* and *John Weymouth*, for the plaintiffs in error.

*R. D. Cock, J. Winston Read, R. M. Lett* and *E. Sclater Montague*, for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

This is a proceeding under Code, sections 2956 and 2957, brought by fifty-one per cent of the qualified voters in territory adjacent to the city of Newport News, seeking its annexation to that city. The territory involved embraces the incorporated town of Kecoughtan (Kic-o-tan), which adjoins the city, together with some other territory adjacent to the town but not directly adjacent to the city.

The procedure appears to have been regular, and the issue tendered by demurrer, plea and answer is whether or not the provisions of section 2956 should be construed to apply to the annexation of an incorporated town with other outlying territory to a city. The trial court, being of opinion "that section 2956 of the Code does not apply to the annexation of an incorporated town to a city, but only to the outlying territory adjacent to a town or city, and accordingly

the provisions of said section are not applicable to this case," dismissed the petition and this proceeding. It is from this final order that this writ of error was allowed. So that the question is one of statutory construction; and as to such questions if there is any obscurity in the language used, irreconcilable differences of opinion frequently arise between those who are equally impartial and intelligent.

The sections to be construed read:

"Section 2956. *Steps Preliminary to Annexation.*— Whenever it is deemed desirable by any city or town to annex any territory to such city or town, its council shall declare by an ordinance which shall be passed by a recorded affirmative vote of a majority of all the members elected to the council, or to each branch thereof, when there are two, that it desires to annex certain territory, and shall accurately describe therein the metes and bounds of the territory proposed to be acquired, and set forth the necessity for or expediency of annexation, and the terms and conditions upon which it desires to annex such territory, as well as the provisions which are made for its future management and improvement. And whenever it is deemed desirable by any outlying territory adjacent to a town or city that such territory should be annexed to such town or city, fifty-one per cent of its qualified voters shall petition the judge of the circuit court, setting forth accurately the metes and bounds desired to be annexed to such city or town, and shall give such notices to the city council as are hereinafter prescribed to be given by the city when the city takes the initiative, and the city and county shall have the same rights, powers, duties and privileges relatively when the said voters file the petition as are hereinafter provided in cases where the city files such petition."

"Section 2957. *Notice to be given county; how executed; cost and fees, how paid; who may be parties.*— The city or town shall give notice to the Commonwealth's attorney and the board of supervisors of the county or counties wherein such territory lies, that it will, on a given day, not less than thirty days thereafter, move the circuit court of the county wherein the greater part of such territory lies, or the judge who may be designated to hear the case, to make an order authorizing and declaring the annexation provided for in the said ordinance, with which notice shall be served a certified copy of such ordinance. A copy of the said notice and ordinance shall be published at least once a week for four successive weeks in some newspaper published in such city or town, and where there is no newspaper published therein, then in a newspaper published in some neighboring city or town having circulation in the county or counties whose territory is to be affected. The notice and ordinance, after being served as aforesaid, shall be returned to the clerk of said circuit court, and when the publication thereof is completed, of which the certificate of the owner, editor or manager of the newspaper publishing the same shall be proof, the case shall be docketed for hearing. Any county whose territory is affected by the proceeding, or any persons affected thereby, may appear and make themselves parties defendant to the case, and be represented by counsel. The fees for service of papers herein required shall be the same as those prescribed by law for similar service, and whenever a city or town asks for the annexation of any such territory, said fees and all other court costs shall be paid by said city or town except such as may be incurred on appeal, when the court shall determine by whom said appellate costs may be paid."

[1] It is manifest therefrom that fifty-one. per cent of the qualified voters of "outlying territory adjacent to a town or city" may invoke the statute and have the petition decided upon its merits.

It is urged, however, that the words "outlying territory adjacent to a town or city" should not be construed to include an incorporated town (in this case Kecoughtan), and cannot be construed to include the additional territory outside of any beyond that town, because that additional territory is not adjacent to the city of Newport News.

[2-5] In considering the question it must be borne in mind that in Virginia an incorporated town continues. to be an integral part of the county, subject to the jurisdiction of the county authorities and to taxation for general county purposes. It is also observed that there is nothing in the section distinguishing the kind of territory which may be annexed, the designation being "outlying territory" which is adjacent. If we limit the meaning of the outlying territory to outlying unincorporated territory which is not included within the boundaries of a town, it can only be done by conceiving and supplying to the section a limitation which cannot be found in the language used. That the general intent of the General Assembly was to provide a practicable method of enlarging the limits of towns. and cities is apparent from these and other kindred statutes. That general purpose should not be defeated. by too strict a construction. As indicative of the legislative intent, we may refer to Code, section 2958,. which was a part of the original act (Acts 1904, page 144). We find there that in referring to the subsequent government of such annexed territory and providing for the allocation of certain revenues for its. improvement, the following proviso appears: "Said.

sum to be set apart and expended shall be reduced by the sum already expended on said improvements under any other plan of annexation, and said sum shall also be reduced by the amount of any debt of any town that may be annexed to a city or to another town." Thus it appears that it was contemplated that a town might be annexed to a .city under the provisions of that act, so that this is a clear legislative interpretation of the statute.

In addition to this, we find in Code, section 2962, which is a part of the same statute, this interpretative language: "The provisions of this statute shall apply to the annexation by a city or town of an adjoining town, but shall not apply to the consolidation of two cities. The city or town annexing such town shall assume all the indebtedness of the town so annexed, and shall own all the corporate property, franchises and rights of said town."

[6] We conclude, therefore, that the section (2956) under which the proceeding was instituted, confers upon the court the jurisdiction which the petition invokes—that is, to hear this case and decide it upon its merits.

That this has been the view of this court is perfectly apparent from a consideration of the record in the case of *County of Henrico* v. *City of Richmond*, 106 Va. 282, 55 S. E. 683, 117 Am. St. Rep. 1001. True it is that the opinion makes no allusion to this point, but in the petition in that case it was among other things contended that the order should be reversed because it provided for the annexation of "a large unincorporated territory including an incorporated and fully organized municipality, to-wit, the town of Fairmount." In that case this court affirmed the order of annexation and there is no intimation in the opinion that there is

any lack of jurisdiction to order such annexation under that statute, notwithstanding the fact that there, as here, the outlying territory included an incorporated town as well as other territory in the county outside of the town. The result in that case, therefore, supports the conclusion which we have indicated.

[7, 8] It is said, however, in this case, that even if this be true, the effect of the annexation is the annulment of the charter of the town, that this is regulated and controlled by other statutes (Acts 1918, page 560, Michie's Code, section 2885-b; amended, Acts 1920, page 118; Acts 1922, page 366), and that these subsequent acts by implication partly repeal section 2956 because inconsistent therewith.

Of course it is perfectly well understood that repeals by implication are not favored, and that to hold that a statute is repealed by implication it must appear that the later is inconsistent with the prior statute.

It is thus expressed in *Eureka Club* v. *Commonwealth*, 105 Va. 568, 54 S. E. 470, 472: "It is held to be a reasonable presumption that the legislature did not intend to effect so important a measure as the repeal of a law without expressing an intention to do so. Such an interpretation, therefore, is not to be adopted unless it be inevitable. Any reasonable construction which offers an escape from it is more likely to be in consonance with the real intention. Sedgwick on Constr. of Stat., section 210, page 97, and note; Sutherland on Stat. Constr. sections 152-3; Dwarris on Statutes, page 113n, and page 154; *Commonwealth* v. *R. & P. R. Co.*, 81 Va. 355; *S. & W. Ry. Co.* v. *Commonwealth*, 104 Va. 314, 51 S. E. 824."

We find no difficulty whatever in reconciling these several statutes. The later statutes refer altogether to the annulment of certain court charters of towns, as

distinguished from cities. The result of the annul-
ment of such a town charter is that the territory
involved reverts to the county in which the town is
located; whereas the result of such a procedure as this
is, if the prayer of the petition be granted, that instead
of reverting to the county, the territory becomes
annexed to the city. There is no inconsistency
between the two statutes. They refer to different
methods of procedure for the accomplishment of
different results.

The General Assembly appears to have covered the
entire subject—that is, there are those statutes pro-
viding for the annulment of town charters, those for
the consolidation of towns, those for the consolidation
of cities, and this (2956) for the annexation to towns
or cities of territory adjacent thereto. They are con-
sistent with each other, and as it seems to us the
courts should find no difficulty in applying them.

[9] There are cross-errors assigned, upon the ground
that there was no certified copy of the ordinance of
the city of Newport News served along with the notice.
The reason for this is obvious. No ordinance had
been adopted by the city at the time the fifty-one per
cent of the qualified voters in the territory filed their
petition, and we find nothing in section 2956 requiring
the previous passage of such an ordinance as a condi-
tion precedent to the filing of such petition. In this
case an ordinance was passed before the case was
heard. Where the initiative is by the city or town,
the ordinance must precede the filing of the petition,
but we find nothing in the statute which would justify
us in holding that such an ordinance must be passed
before the filing of the petition when the initiative is
taken, as it is here, by fifty-one per cent of the voters
in the territory involved. To us it seems simply a

11

question of the practical application of the statute. As we have indicated, the General Assembly intended to cover the entire subject. We think that it has done so, and that in this case the procedure is sufficient to present the case to the trial court for a hearing upon the merits.

The order is therefore reversed and the case remanded for further proceedings.

*Reversed.*