# Richmond.

## CITY OF HOPEWELL v. NORFOLK AND WESTERN RAILWAY COMPANY, ET ALS.

March 20, 1930.

Absent, Hudgins, Gregory and Browning, JJ.

· The opinion states the case.

*Charles T. Morris, H. F. Minter* and *J. Gordon Bohannan,* for the plaintiff in error.

*Mann & Townsend*, for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding instituted by the city of Hopewell to condemn for its purposes a fee simple interest in the lands of the Tubize Artificial Silk Company and others, and to condemn a perpetual easement across the rights of way of the Norfolk and Western Railway Company.

It is set forth in the petition that it is the purpose of the plaintiff in acquiring rights of way over the lands of the defendants, which are situated within the city limits, to extend Randolph road through the plant site area so as to connect with Bailey's Creek road, and thus to shorten the route from Richmond to Norfolk. The plat filed with the petition shows that the proposed extension of Randolph street will cross five tracks in the yards of defendant, Norfolk and Western Railway Company.

On June 28, 1929, the date to which the notice was returnable, the defendant railway company appeared in court and filed written grounds in support of its motion to quash the proceedings for the appointment of commissioners, and to dismiss the petition of the plaintiff as to it. Among the grounds relied upon is the following:

"The petitioner has not applied to the State Corporation Commission for a certificate that a public necessity or that an essential public convenience requires the condemnation of an easement for a rail level crossing over the property of this defendant as prayed for in said petition, nor has said State Corporation Commission given permission to the petitioner to acquire such easement, all of which is required by the

provisions of sections 3034 and 3832 of the Code of Virginia.''

After hearing argument of counsel, Judge James L. McLemore, who was presiding in the place and stead of Judge Robertson, entered an order reading in part thus: ''* * * the court * * * doth hereby sustain said motion and doth dismiss these proceedings as to said Norfolk and Western Railway Company upon the first ground set forth in said motion, namely: That the petitioner has not applied for and secured from the State Corporation Commission a certificate of public necessity and essential public convenience, as required by law.'' To that judgment this writ of error was awarded.

An examination of the charter of the plaintiff discloses that it contains no special provisions in regard to the power of eminent domain; therefore, the correctness of the trial court's conclusion depends upon a proper interpretation of the statutes dealing with and relating to the rights and powers of a municipality to condemn land for municipal purposes.

In chapter 176 of the Code of 1919 is found the general law relative to the exercise of eminent domain. Chapter 121 of the Code of 1919 contains the general provisions of the law for the government of cities and towns. Sections 3030 to 3034 of that chapter deal with the powers of the councils of cities and towns. These sections were originally section 1038 of the Code of 1887.

The pertinent part of section 3030 reads thus: ''Every city and town shall have power to lay off streets, walks or alleys * * * .'' Sections 3031, 3032 and 3033 confer upon councils of cities and towns the power to acquire by condemnation, or otherwise, property for public utilities, property for parks and playgrounds;

to provide fire protection, and to pass ordinances carrying into effect the enumerated powers.

By an act approved March 14, 1908 (Acts 1908, chapter 349), the following provisions were added to section 1038 (now section 3034):

"Provided, that no property shall be condemned for the purposes specified in this section, unless the necessity therefor shall be shown to exist to the satisfaction of the court having jurisdiction of the case.

"Provided further, that no property of any public service corporation, except lands required for drains, sewers, or public ducts shall be condemned except in accordance with clauses fifty-two and fifty-three of section eleven hundred and five of Pollard's Code of nineteen hundred and four." Now sections 3832 and 3833.

"And provided further, that the provisions of this section shall in no wise repeal, amend, impair or affect any of the powers, rights and privileges conferred on cities and towns by charter or under the provisions of the general law."

The statute remained in the form of the act of 1908 until the revision of 1919, when subdivision 1, above, became section 3030; subdivision 2 became section 3031; subdivision 3 became section 3032; subdivision 4 became section 3033; and subdivision 5 became section 3034; and the provisions above quoted became as follows:

"But no property shall be condemned for the purposes specified in this or the four preceding sections unless the necessity therefor shall be shown to exist to the satisfaction of the court having jurisdiction of the case, and no property of any public service corporation, except lands required for drains, sewers or public ducts shall be condemned except in accordance

with sections thirty-eight hundred and thirty-two, thirty-eight hundred and thirty-three, and thirty hundred and forty-two. The provisions of this chapter shall in no wise repeal, amend, impair or affect any other power, right or privilege conferred on cities and towns by charter or any other provisions of the general law."

Section 3832, referred to in section 3034, and upon which defendant relies, is as follows: "No corporation shall take by condemnation proceedings any property belonging to any other corporation possessing the power of eminent domain, unless, after hearing all parties in interest, the State Corporation Commission shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto; and in no event shall one corporation take by condemnation proceedings any property owned by and essential to the purposes of another corporation possessing the power of eminent domain."

■ "It is a settled rule of construction that all statutes *in pari materia* should be read and construed together as if they formed parts of the same statute and were enacted at the same time and where there is a discrepancy or disagreement between them such interpretation should be given as that all if possible may stand together." *South & W. Ry. Co.* v. *Commonwealth*, 104 Va. 314, 321, 51 S. E. 824, 826.

■ It is the contention of the plaintiff that it is not proceeding under sections 3030 and 3034, as contended by the defendant, but that it is proceeding under section 4385 of the Code. That section provides, in part, that if the council of any city cannot agree on price or terms of purchase with those entitled to land wanted by the city for its purposes, it may acquire the title of such land or an easement over the same by

condemnation under the provisions of chapter 176 of the Code. While it is true that there is no express grant of power of condemnation under sections 3030 and 3034, such power is necessarily implied. The power to condemn under the provisions of section 4385 is limited by the language "and the proceedings in all such cases shall be according to the provisions of this chapter, so far as they can be applied to the same." Since section 3034 makes the provisions of section 3832 applicable to the condemnation of land for street purposes under section 3030, section 4385 has no application to the condemnation of property belonging to a corporation possessing the power of eminent domain. A city has no inherent right or power of condemnation, but derives such rights and powers from legislative enactments passed pursuant to constitutional provisions.

Construing section 3776 in *Jones* v. *Rhea*, 130 Va. 345, 384, 107 S. E. 814, 828, this court said: "Section 3776 does not mean solely that any particular provision, or provisions, of chapter 147 will attach to a given corporation unless such application is excluded by express words. It means that and something else. It means that these provisions will attach, or apply, to all corporations unless expressly excluded in words, or unless the character and terms of the provision itself sufficiently indicate that it is not intended to attach or apply to a given corporation, or class of corporations."

A city stands upon the same footing as other corporations possessing the power of eminent domain. It can only exercise the right of eminent domain upon such terms, in such manner and for such public uses as the General Assembly may direct.

In *School Board* v. *Alexander*, 126 Va. 407, 101 S. E. 349, 351, Judge Burks said: "The State may grant the power generally to condemn any property for a public use, or it may place such restrictions upon the power, the manner of its exercise or the character of the property that may or may not be taken as it pleases, and when such restrictions are imposed, they must be obeyed. If the limitations or restrictions imposed involve public inconvenience, or retard the progress of public improvements, the remedy is an appeal to the legislature. They cannot be removed by judicial construction. The courts cannot enlarge a power which the legislature has restricted."

■■ While interesting from an academic viewpoint, it is unnecessary for a decision of the present case to trace the history of the right of eminent domain through all the ramifications of statutory enactments. When we read, as one enactment of the legislature, sections 3030, 3034 and 3832, in the light of the provisions of section 3776, we are forced to the conclusion that it was the intention of the law-making body to invest the State Corporation Commission with the ultimate power of giving to or withholding its consent from a municipality to condemn property belonging to a corporation possessing the power of eminent domain. The argument that necessity for the taking of the property of a public service corporation by cities must be shown to the satisfaction of the State Corporation Commission "is a departure from the established policy of the State," is an argument that should be addressed to the legislature and not to the court, and is well answered in the opinion of Judge Keith in *Saville* v. *Virginia Ry. & P. Co.*, 114 Va. 444, 76 S. E. 954, 957: "It is contended that the construction insisted upon by the plaintiff in error is

violative of the spirit or reason of the law. The argument would seem to concede that the contention is within the letter of the law. We hear a great deal about the spirit of the law, but the duty of this court is not to make law, but to construe it; not to wrest its letter from its plain meaning in order to conform to what is conceived to be its spirit, in order to subserve and promote some principle of justice and equality which it is claimed the letter of the law has violated. It is our duty to take the words which the legislature has seen fit to employ and give to them their usual and ordinary signification, and having thus ascertained the legislative intent, to give effect to it, unless it transcends the legislative power as limited by the Constitution."

We find no error in the judgment complained of and it will be affirmed.

*Affirmed.*