# CIRCUIT COURT OF WYTHE COUNTY

Town of Rural Retreat

    v.

Huckleberry Farms, L.L.C., et al.

March 15, 2010

Case No. CL09-115

By JUDGE JOSIAH T. SHOWALTER, JR.

The Court has reviewed the pleadings filed herein and the briefs submitted by the parties' respective counsel. Before the Court is a Petition for Condemnation filed on behalf of Town of Rural Retreat, Virginia. The Respondent, Huckleberry Farms, L.L.C., *et al.*, filed a Demurrer, now pending before this Court.

## *Factual Findings*

This Court makes the following factual findings based upon the pleadings.

The Petitioner of the pending Condemnation proceeding is the Town of Rural Retreat, a political subdivision of the Commonwealth of Virginia. Located within its town limits is a train depot, a commercial structure. Norfolk and Western Railway Company, predecessor to Norfolk Southern Railway Company, owned the train depot, now the subject of this Condemnation proceeding.

The train depot, the subject of this Condemnation proceeding, is currently owned by Huckleberry Farms, L.L.C. Huckleberry Farms owns the train depot in fee simple, but does not own the real property where the train depot is located. Norfolk Southern Railway Company owns the real property. Historically, the train depot was converted to personal property in the 1960s when Norfolk and Western Railway Company conveyed the structure itself to a business known as Jones Farm Supply. The railroad company retained the ownership of the real property, but leased the realty to Jones Farm Supply. The train depot structure was subsequently sold to the

present owner, Huckleberry Farms, L.L.C. The Court finds that the subject train depot is personal property.

In the summer of 2008, the Respondent Jack Weaver advised the Petitioner, Town of Rural Retreat, that he was moving the subject train depot from its current location to his farm when he was unable to reach an agreement with Norfolk Southern Railway Company to purchase the real property, where the train depot is located.

By letter dated March 11, 2009, the mayor of Rural Retreat wrote a letter to Respondent Huckleberry Farms, L.L.C. The Honorable Mr. Litz wrote, "The Rural Retreat Town Council is interested in *preserving* and *restoring* the Rural Retreat Train Depot. For this project to move forward, it will be necessary for the town to hold ownership of the structure." (Emphasis added.) This letter was the Respondents' Exhibit Number 1 to their Demurrer.

The Town of Rural Retreat subsequently held a public meeting to discuss the proposed acquisition of the train depot by condemnation on April 14, 2009.

The Town of Rural Retreat filed a Petition for Condemnation on April 15, 2009, with regards to the personal property (i.e., the subject train depot) owned by Huckleberry Farms, L.L.C. The Petitioner Town of Rural Retreat also filed a certificate of take with the Clerk of the Circuit Court for the County of Wythe, Virginia.

The Town of Rural Retreat obtained an *ex parte* Order from this Court on April 16, 2009, enjoining any party from taking any action to move, remove, destroy, or otherwise cause any damage or waste to the railroad depot building, subject to the Petition for Condemnation filed April 15, 2009.

## Opinion

A demurrer tests the sufficiency of the factual allegations to determine whether a motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249 (1993). A demurrer must be sustained when the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. *Warner v. Clemensen*, 254 Va. 356 (1997). In determining whether the pleading states a valid cause of action, the Court must "consider as admitted the facts expressly alleged and those which fairly can be viewed as impliedly alleged or reasonably inferred from the facts alleged." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218 (2001).

The Commonwealth of Virginia has long limited the power conferred upon governmental bodies in the use of eminent domain proceedings. In *Hopewell v. Norfolk & W. RR.*, 154 Va. 19 (1930), the Supreme Court of Virginia held that the State may grant the power generally to condemn any

property for a public use, or it may place such restrictions upon the power, the manner of its exercise, or the character of the property that may or may not be taken as it pleases, and, when such restrictions are imposed, they must be obeyed. Additionally, the Supreme Court of Virginia held that reasonable doubt as to whether legislative power exists must be resolved against the local governing body. *Richmond v. Confrere Club of Richmond, Inc.*, 239 Va. 77 (1990).

This Court finds that the two controlling statutes applicable to this case are Virginia Code §§ 15.2-944 and 15.2-1901.1 (1950, as amended).

Virginia Code § 15.2-944 states:

> Any locality may acquire, *except by condemnation, sites, landmarks, structures, and records of historical interest and value* to the Commonwealth may restore and preserve them. . . .

(Emphasis added.)

Clearly, the intent of the condemnation proceeding initiated by the Town of Rural Retreat was for the town to preserve and restore the Rural Retreat Train Depot, and "[f]or this project to move forward, it will be necessary for the town to hold ownership of the structure." See Respondent's Exhibit number 1, a letter from the Mayor of Rural Retreat, Mr. Litz, to the Respondent Huckleberry Farms, L.L.C. The Town of Rural Retreat cannot condemn this property for historical purposes.

The train depot is personal property. This personal property can be removed or transported anywhere or relocated to another place. The subject property is not real estate.

Virginia Code § 15.2-1901.1 states:

> The governing body of any locality may acquire by condemnation title to (i) land, buildings, and structures, (ii) any easement thereover or (iii) any sand, earth, gravel, water, or other necessary material for the purpose of opening, constructing, repairing, or maintaining a road or for any other authorized public undertaking if the terms of purchase cannot be agreed upon or the owner (a) is unknown, (b) cannot with reasonable diligence be found in the Commonwealth, or (c) due to incapacity cannot negotiate an agreement. Condemnation proceedings shall be conducted under the provisions of Chapter 2 (§ 25.1-200 *et seq.*) of Title 25.1 insofar as applicable.

It is this Court's opinion that this statute refers to real property and buildings and structures attached to the real property and not to personal

property, which can be removed or placed in different locations. When reading this statute as a whole, it is clear that the intent of this statute is to be applied to real property and buildings and structures so situated to the realty that there is no distinction between the two. The train depot is personal property able to be moved by its owner to another location at any time.

The Court sustains the Respondent's demurrer based upon the above opinion.